## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2016, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey E. Stratman
Aurora, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Steusloff,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 28, 2016<br><br>Court of Appeals Case No.<br>69A01-1603-CR-591<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Jeffrey L. Sharp,<br>Special Judge<br><br>Trial Court Cause Nos.<br>69C01-1407-FC-27<br>69C01-1203-FC-10 |

**Pyle, Judge.**

# Statement of the Case

In this consolidated appeal, Michael Steusloff ("Steusloff") appeals his sentence for Class C felony failure to register as a sex offender[1] in one cause and the revocation of his probation in another cause. Steusloff argues that his six-year sentence is inappropriate and that the trial court abused its discretion by ordering him to serve the remainder of his previously suspended sentence. Concluding that Steusloff has failed to show that his sentence is inappropriate and finding no abuse of discretion, we affirm his sentence and the revocation of his probation.

We affirm.

# Issues

1. Whether Steusloff's sentence is inappropriate.

2. Whether the trial court abused its discretion by ordering Steusloff to serve his previously suspended sentence.

# Facts

In March 2012, the State charged Steusloff in cause number 69C01-1203-FC-010 ("FC-010"), with Class C felony failure to register as a sex offender and alleged that he was an habitual offender. In February 2013, Steusloff pled guilty, was convicted of Class D felony failure to register as a sex offender, and the State dismissed the habitual offender allegation. Under that cause, Steusloff

---

[1] IND. CODE § 11-8-8-17.

was sentenced to three (3) years, with six (6) months executed in the Indiana Department of Correction, and two-and-a-half (2 ½) years suspended to probation.

[4] On June 19, 2014, the State filed a Petition for Probation Violation, alleging that Steusloff: (1) moved and failed to report his new address; (2) failed to pay probation fees; and (3) failed to pay drug testing fees. The State subsequently amended its petition and alleged that Steusloff had been charged with Class C felony failure to register as a sex offender under cause number 69C01-1407-FC-027 ("FC-027.")

[5] On January 19, 2016, Steusloff entered an open guilty plea to his Class C failure to register as a sex offender in FC-027. He also admitted that he had violated the terms of his probation in FC-010. Thereafter, the trial court held a combined sentencing and probation revocation hearing. During this hearing, the trial court found Steusloff's extensive criminal history, the nature and circumstance of the crime, and the fact that Steusloff was on probation at the time he committed the new offense to be aggravating factors. The court noted that Steusloff's criminal history included Class C felony sexual misconduct with a minor and two prior convictions for failure to register as a sex offender. The trial court, however, found Steusloff's failure to comply with sex offender registry rules the most compelling aggravating factor.

[6] Although the trial court noted Steusloff's improved conduct while incarcerated and his guilty plea without a plea agreement as mitigating factors, it determined

that the aggravating factors outweighed the mitigating factors. Thereafter, the trial court imposed a six (6) year executed sentence for Steusloff's Class C felony failure to register as a sex offender in cause number FC-027. In cause FC-010, the trial court revoked Steusloff's probation and ordered him to serve the remaining five hundred ninety-four (594) days of his previously suspended sentence. The trial court ordered the FC-010 and FC-027 sentences to be served consecutively in the Department of Correction. Steusloff now appeals.

# Decision

[7] Steusloff argues that: (1) his sentence in FC-027 is inappropriate; and (2) the trial court abused its discretion by ordering him to serve the remainder of his previously suspended sentence in FC-010. We discuss each of his arguments in turn.

## 1. Inappropriate Sentence

[8] Steusloff first argues that his six-year sentence for his Class C felony failure to register as a sex offender in cause FC-027 is inappropriate.[2] He requests this Court to "review and correct his sentence, and for all other relief just and proper in the premises." (Steusloff's Br. 11).

---

[2] Steusloff also attempts to challenge whether his previously imposed sentence from his probation revocation in cause FC-010 is inappropriate. We note, however, that Indiana Appellate Rule 7(B) is not the correct standard when reviewing a sentence imposed for a probation violation. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[9] This Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of proving that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224.

[10] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. At the time of Steusloff's offense, a Class C felony failure to register as a sex offender carried a sentencing range of two (2) to eight (8) years, with an advisory sentence of four (4) years. I.C. § 35-50-2-6.

[11] As to the nature of Steusloff's offense, the record reveals that Steusloff, who was required to register as a sex offender, moved to Kansas, some seven hundred miles away from his home address, without notifying his probation officer. Once in Kansas, Steusloff still did not register as required. Steusloff's offense was made worse by the fact that he was on probation for the same crime. Steusloff attempts to downplay the nature of his offense by claiming that

he was "not sure he was still required to register . . . and that he had a lot on his mind . . . [making] it difficult to track the date his registry requirement ended." (Steusloff's Br. 8). Based on his prior encounters with the sex offender registry requirements, we are not persuaded by this argument. Steusloff further argues that given the nature of his offense, there is no evidence indicating that any victim was harmed. We disagree. As explained by the trial court, "[t]he purpose of the sex offender registry is to put the community on notice of an individual living or working in their area that has been convicted of a restorable sex offense. Essentially, the registry is used as a tool to enhance the safety of a community." (Tr. 42-43).

[12] Turning to Steusloff's character, we see from the record that Steusloff has a criminal history including the following convictions: seven Class A misdemeanor convictions for conversion, driving while suspended, possession of marijuana and paraphernalia; two Class B misdemeanor convictions for reckless driving and reckless possession of paraphernalia; three Class C felony convictions for sexual misconduct with a minor, failure to register as a sex offender, and forgery; one Class D felony conviction for failure to register as a sex offender; and an Ohio felony theft conviction. Steusloff also has eight probation violations.

[13] Steusloff contends that his character should be viewed favorably because his attitude has changed since his initial hearing and because he pled guilty. The trial court considered Steusloff's character as a mitigating factor during sentencing, noting that Steusloff had "been a model prisoner . . . and ha[d] been

able to maintain a good status even while being housed with individuals that the jail would determine to be problematic." (Tr. 43). In regard to his guilty plea, he argues that he "received little, if any, benefit of his plea of guilty and admission to the probation violation" because the trial court "did not seem to place significant weight on this [mitigating] factor." (Steusloff's Br. 10). The trial court, however, factored Steusloff's guilty plea as a mitigating factor during its sentencing. We will not review the trial court's determinations regarding the weight applied to these mitigators. *See Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[14] Steusloff has not persuaded us that his six-year sentence for Class C felony failure to register as a sex offender is inappropriate. We, therefore, affirm the trial court's sentence.

## 2. Abuse of Discretion

[15] Steusloff admits that he violated the terms of his probation by committing a new crime, and he does not challenge the revocation of his probation. Instead, he argues that the trial court abused its discretion by ordering him to serve all 594 days of his previously suspended sentence upon the revocation of his probation.

[16] Once a trial court has determined that a condition of probation has been violated, the trial court may impose one of the following:

> (1) continue the person on probation, with or without modifying or enlarging the conditions;

>    (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period;
>
>    (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h). Our Indiana Supreme Court has explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. *Id.*

[17] There is ample basis for the trial court's decision to order Steusloff to serve his previously suspended sentence. Steusloff violated probation based on his failure to register as a sex offender, the same offense for which he was on probation. Furthermore, the record reveals that Steusloff has an extensive criminal history, including sexual misconduct with a minor, and, now, three convictions for failing to register as a sex offender. Additionally, Steusloff has accumulated eight prior probation violations during the course of his criminal history. In fact, during its sentencing hearing, the trial court found Steusloff's

continued disregard for the rules of the sex offender registry compelling in ordering him to serve the remainder of his suspended sentence. We are not convinced by Steusloff's argument that the court abused its discretion by ordering him to serve the remainder of his previously suspended sentence. As such, we affirm the trial court's order that Steusloff serve his previously suspended sentence.

[18] Affirmed.

Kirsch, J., and Riley, J., concur.